UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK A. SWIFT,

                Plaintiff,

      v.

RICHARD C. TWEDDELL, et al.,

                Defendants.

DECISION & ORDER

05-CV-6233L

---

      Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights. (Docket # 1). Currently before this Court is plaintiff's fourth request for the appointment of counsel. (Docket # 38).

      As this Court has previously explained with regard to plaintiff's prior motions, there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignments must be considered carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*,

243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit); *see In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (decisions on appointment of counsel are clearly within the judge's discretion).

The factors to be considered by a court in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d at 392; *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

In this matter, plaintiff alleges that defendants violated various of his constitutional rights by, *inter alia*, improperly charging him with "infractions of the rules" and by failing to perform a proper investigation. (Docket # 1). Plaintiff essentially contends, as he did in his previous requests for appointed counsel, that the assignment of counsel is necessary because he is not adequately skilled to represent himself. (Docket # 38).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated in this Court's previous Order, plaintiff has not demonstrated, as he must, that he is likely to

succeed on the merits of the Complaint.  *See id.*  Moreover, the legal issues in this case do not appear to be complex, nor does it appear that the major proof at trial will be dependent upon skillful cross-examination.  *See id.*  Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 38)** is **DENIED** without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

          *s/Marian W. Payson*
          MARIAN W. PAYSON
          United States Magistrate Judge

Dated: Rochester, New York
       May  4 , 2007